Kirkpatrick, C. J.
— In this case, there appears to have been an agreement out of court, and without date too, to submit all matters between the parties, to arbitrators. In this agreement, there is a clause, that the report of the arbitrators shall be conclusive, and that judgment shall be entered accordingly, in the docket of Eichard Johnson.
This agreement, together with the award of the arbitrators, appears to have been entered in the justice’s docket, and judgment to have been entered thereupon, for the sum therein contained.
By the 27th section of the act constituting courts for the trial of such causes, it is enacted, “ that in every suit to he instituted before any justice, &c.,” rules of reference may be entered, &c. That is, after the justice becomes possessed of the controversy, by the regular institution of a suit, he may, by consent of parties, refer, &e. Here, it does not appear that any suit was instituted. It was an agreement out of court. If, therefore, the proceeding can be supported at all, it must be supported upon the act of December, 1794, for regulating references, &c.
But, in the first place, it is very doubtful whether the *357 provisions of this act apply to the justices’ courts at [*] all; especially, as the act by which they are constituted, contains a section on this very subject, which probably was intended to contain the whole doctrine, as far as it relates to them. But if it does apply, still, in order to give effect to such submission and agreement, the execution of it must be proved by affidavit; that affidavit must be filed in the court where the rule is to be entered; the agreement must then be entered on record, and thereupon a rule may be made, &e.
Kearney, for plaintiff,
The course in this case, has not been according to the directions of this act, even if it should be thought to apply to these courts. In whatever light, [275] therefore, it may be considered, the proceeding is irregular, and I think the judgment must be reversed.
Rossele, J. — I agree to reverse this judgment.
Pennington, J.
— The question arising in this cause, was determined in the case of Burroughs v. Gunning, in this court, in September Term, 1806.[1] There must be an action actually subsisting in the justice’s court, before it can be referred. Agreements out of court, to submit to reference, and to make that submission a rule of a court of record, under our act of Assembly, Pat. 144, which is, in this respect, a copy of the 9th and 10th William 3, ch. 15, could never be intended to extend to justices’ courts, as the compliance with the rule is to be enforced by attachment.[2]
It cannot well be conceived of, that the Legislature ever intended to confer on the justices, the power of enforcing obedience to their rules by writs of attachment; but even if this is intended, the justice hath not pursued the statute, but hath entered judgment, and issued execution, and this too, without the affidavit required by the act.
I therefore, concur in the reversal.
Judgment reversed.

 Ante, 103.

 Vide Rev. 6Jfi.